An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CLAY MERRITT BURGON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63173

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

On appeal from the denial of his February 21, 2012, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of counsel without conducting an evidentiary hearing. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going

14-15500

to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). An evidentiary hearing is required when a petitioner sets forth claims supported by specific facts, not belied by the record and which if true, would entitle him to relief. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984).

First, appellant argues that his trial counsel was ineffective for failing to investigate appellant's mental health and substance abuse history and present this evidence at sentencing. Appellant relies in part on the ABA Standards for Criminal Justice and the Nevada Indigent Defense Standards of Performance adopted by this court.

Appellant fails to demonstrate that his trial counsel was deficient. While the ABA Standards for Criminal Justice and the Nevada Indigent Defense Standards of Performance adopted by this court provide some guidance, they are not "inexorable commands" to trial counsel. *Bobby v. Van Hook*, 558 U.S. 4, 8 (2009). Rather, trial counsel is constitutionally deficient only when counsel fails to make objectively reasonable choices, *id.* at 9, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Here, trial counsel sought a

competency evaluation of appellant, and the evaluator concluded that appellant was competent. The evaluation discussed appellant's mental health issues, including appellant's use of psychiatric medications and the occurrence of auditory hallucinations. Letters in mitigation from appellant's family and friends were submitted to the district court for consideration at sentencing and these letters discuss appellant's mental health issues, including appellant's bipolar disorder, borderline schizophrenia disorder, anxiety and depression, and troubles with medication and changes in medication protocols.[1] The presentence investigation report contained further information about his mental health history, including his prior suicide attempts and the fact that he was housed in the "psych ward" for a portion of a prior period of incarceration. The presentence investigation report further set forth medical issues and his substance abuse history. Appellant fails to demonstrate that counsel was objectively unreasonable in failing to conduct further investigation and to present further mitigation information at sentencing.

Appellant further fails to demonstrate that he was prejudiced. In rejecting his trial counsel's argument for concurrent sentences, the district court spoke about appellant's criminal history, the escalation of the crimes committed, and the potential of future danger. Under these

---

[1]We note that appellant's own letter to the court for consideration at sentencing failed to set forth the entirety of his mental health and medical history that he now asserts should have been investigated by his trial counsel and presented to the court at sentencing.

circumstances, appellant fails to demonstrate that further investigation and presentation of mitigation information would have had a reasonable probability of altering the sentence imposed. Therefore, we conclude that the district court did not err in denying this claim without an evidentiary hearing.[2]

Second, appellant argues that his trial counsel was ineffective for failing to investigate appellant's mental health and substance abuse history and secure a favorable plea negotiation. Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The premise of this claim is entirely speculative. As noted above, the documents before this court indicate that trial counsel was aware prior to entry of the plea of appellant's mental health issues. Appellant fails to demonstrate that there was a reasonable probability of a favorable plea negotiation had trial counsel presented appellant's mental health and substance abuse history to the prosecutor. Therefore, the district court did not err in denying this claim without an evidentiary hearing.

Third, appellant argues that his trial counsel was ineffective for inducing his guilty plea with inaccurate representations about whether he qualified for violent-offender habitual criminal treatment under NRS

---

[2]To the extent that appellant argues that his trial counsel was ineffective for failing to attend the presentence investigation interview with appellant, appellant fails to demonstrate that his trial counsel's performance was deficient or that there was a reasonable probability of a different outcome had trial counsel attended the presentence investigation interview.

207.012. Appellant asserts that he was led to believe that he did not qualify for violent-offender habitual criminal treatment. In support, appellant argues that trial counsel's statement during the plea canvass that the State would need to provide proof of the prior convictions indicates that counsel did not believe that there were two qualifying convictions. Appellant further notes that notice of NRS 207.012 was only included for the first time in the amended information prepared for the plea negotiations and not in the first information, which only noticed NRS 207.010. Appellant argues that there was no significant benefit to pleading guilty to two counts that could be enhanced under NRS 207.012 unless there was a mistaken belief that he was not eligible under NRS 207.012.

Appellant fails to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant fails to demonstrate that trial counsel misrepresented whether he qualified for violent-offender habitual criminal treatment under NRS 207.012. The documents provided to this court show that appellant entered a guilty plea with the understanding that the State was seeking violent-offender habitual criminal treatment. Despite the fact that the first information only contained a citation to NRS 207.010, appellant was provided notice of NRS 207.012 in the written guilty plea agreement, the amended information, and during the plea canvass. Further, the State mentioned in the justice court that appellant faced mandatory, violent-offender habitual criminal treatment. The fact that trial counsel reiterated the State's duty to present proof of the prior convictions cannot reasonably be interpreted in the manner suggested by appellant. Further, contrary to

the assertion of appellant, he received a benefit by entry of his guilty plea as he avoided two additional felony counts. Under these circumstances, appellant fails to demonstrate that there was a reasonable probability that he would not have entered a guilty plea and would have insisted on going to trial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Douglas W. Herndon, District Judge
      Coyer & Landis, LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[3]We note that appellant's briefs do not comply with NRAP 32(a)(4) because the text is not double spaced. In light of counsel's inaccurate certification that the briefs complied with formatting requirements of NRAP 32(a)(4), counsel is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 28.2(b).